IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2001 AUG 17  A 11: 31

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

| | |
|---|---|
| **PATRICIA PERAGO, ET VIR.** | : |
| v. | : CIVIL NO. L-00-733 |
| **WAL-MART STORES, INC.** | : |

### MEMORANDUM and ORDER

On August 6, 2001, the Court heard oral argument on: (i) Defendants' Motion to Strike Plaintiffs' Second Supplemental Opposition to Defendant's Motion for Summary Judgment; and (ii) Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment. After oral arguments, the Court retired and returned to state an oral opinion wherein the Court (i) GRANTED Defendant's Motion to Strike and (ii) GRANTED Defendant's Motion for Summary Judgment. This confirmatory order memorializes the oral rulings and summarizes the Court's opinion.

In Tucker v. KFC Management Co., 689 F.Supp. 560(D. Md. 1988)[1], the court, after a thorough review of Maryland law, concluded that a storekeeper is not required to provide a private security force to guard the store and the surrounding parking lot.  Judge Niemeyer reasoned as follows:

> The Court concludes that under Maryland law there is no duty for an owner of a small fast food retail store to provide security guard service for its business invitees.  Typically, these establishments are open, readily accessible to the public, small, well-lighted

---

[1]This opinion was written by Judge Niemeyer, now a judge on the Fourth Circuit Court of Appeals, while he was a district judge.



> and well-trafficked. Every area of service is only a
> few feet away from publicly policed areas.
> . . .
> Were the Court to hold otherwise, every newsstand, drug
> store, fast food establishment, gas station and similar
> establishment would be required to provide security
> guard service for its business invitees. The
> articulation of a duty so broad and with such extensive
> consequences rests on the legislature and will not be
> imposed judicially. Id. at 563.

The Plaintiff contends that Tucker is distinguishable because it involves a relatively small store (a fast food restaurant) that fronts a public street that is patrolled by the police. Instead, Plaintiff argues that (i) this case is governed by the law set out in Maryland Civil Pattern Jury Instructions 24:9; and (ii) Maryland law imposes an obligation on storekeepers to retain a private security force when, as is the case here, it is a large store in a busy shopping center with a privately owned parking lot.

Based upon a review of Maryland law, this Court concludes that a large chain store, such as Wal-Mart, is not required to employ a private security force. Tucker stands for the proposition that storekeepers need not employ a private security force. The differences between the Wal-Mart in this case and the fast food restaurant in Tucker are not sufficient to justify a change in the law; were such a change appropriate, however, it should come from the Maryland legislature, not this Court.

Applying the law of MPJI 24:9 to the facts of this case, as Plaintiff asks this Court to do, would not result in a different outcome. The MPJI is silent as to whether private security

guards are ever necessary to meet the storekeeper's standard of care.  Moreover, under MPJI 24:9 the security measures required are relative to the level of criminal activity on the storekeeper's property.  Although Plaintiff argues that there is a high incidence of crime at the Wal-Mart store, this is not the case.  The printouts of the Elkton police log are inadmissible for the reasons stated in Schear v. Hotel Managment Corporation, 487 A.2d 1240 (Md. Ct. Spec. App. 1985).  Even if the Court admitted the police logs into evidence, they reflect, over a four-year period: (i) two aggravated assaults; and, (ii) 15 simple assaults.  Given the millions of visitors to Wal-Mart over the four-year period, this is not a high incidence of crime and no reasonable juror could conclude that a crime wave overtook the Wal-Mart parking lot.[2]  Accordingly, Wal-Mart was not obligated to employ a private security force to police their parking lot.

For the reasons stated above and at the hearing, the Court will:

(i) STRIKE exhibit two to Plaintiff's Answer to Defendant's Motion for Summary Judgment, a computer printout from Elkton Police Department;

(ii) GRANT Defendant's Motion to Strike Plaintiffs' Second Supplemental Opposition to Defendant's Motion for Summary

---

[2] Although the Court finds that there was not evidence of a high crime rate at Wal-Mart, the Court does not mean to diminish the seriousness of the assault on Ms. Perago and truly feels sorry for what she has suffered.

3

Judgment;

    (iii) GRANT Defendant's Motion for Summary Judgment; and

    (iv) DIRECT the CLERK of COURT to CLOSE the case.

It is so ORDERED this 16TH day of August, 2001.

                                          /s/ Benson Legg
                                          Benson Everett Legg
                                          United States District Judge